IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD MICHAEL BOWLIN,

    Plaintiff,

v.

03:12-CV-1978-PK

FINDINGS AND
RECOMMENDATION

JOHN NELSON,

    Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Donald Michael Bowlin filed this *pro se* action *in forma pauperis* against defendant John Nelson on November 5, 2012. By and through his complaint as originally filed, Bowlin asserted that the court could properly exercise subject-matter jurisdiction over his claim or claims against Nelson because his allegation that Nelson "put[] television cameras in [Bowlin's] apartment" gave rise to a federal question. On January 24, 2013, I ordered Bowlin to show cause why his complaint should not be dismissed for lack of federal subject-matter jurisdiction. On January 28, 2013, Bowlin filed a document styled both as his second amended complaint and as his response to my order to show cause.

Page 1 - FINDINGS AND RECOMMENDATION

I have considered all of the papers and pleadings on file. For the reasons set forth below, I conclude that the court lacks subject-matter jurisdiction to consider the issues raised in Bowlin's complaint, either as originally filed or as amended. I therefore recommend that Bowlin's action against Nelson be dismissed *sua sponte* for lack of subject-matter jurisdiction, pursuant to Federal Civil Procedure Rule 12(h)(3).

## ANALYSIS

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

By and through his complaint as originally filed, Bowlin made various allegations that Nelson invaded his privacy, stalked him, and failed to register with the state as a convicted felon.

Page 2 - FINDINGS AND RECOMMENDATION

None of Bowlin's allegations in support of his original pleading give rise to any federal question.

No answer ever having been filed to Bowlin's original complaint, Bowlin did not require leave of court or consent of defendant Nelson to amend his pleading. Notwithstanding the fact that Bowlin's amended complaint bears an improper duel caption, I therefore deem his amended complaint properly filed. By and through his amended complaint, Bowlin provides more detailed allegations regarding Nelson's alleged invasions of privacy, stalking behavior, and failure to register as a convicted felon, but neither purports to state any federal civil cause of action nor makes any allegation giving rise to a federal question. In the absence of any such cause of action or allegation, under 28 U.S.C. § 1331 the court lacks federal-question subject-matter jurisdiction over Bowlin's action. Moreover, because Bowlin alleges that Nelson was residing in Portland, Oregon, at the time Bowlin filed his complaint, and because Bowlin does not allege that, notwithstanding his residence in Oregon, Nelson was at that time domiciled in any other state, this court may not properly exercise subject-matter jurisdiction over Bowlin's claims on a theory of diversity under 28 U.S.C. § 1332. Bowlin's action should therefore be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3).

## CONCLUSION

For the reasons set forth above, this action should be dismissed with prejudice for lack of subject-matter jurisdiction. A final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

Page 3 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 29th day of April, 2013.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge